UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHAIM PORGES,

                Plaintiff,

v.

ABRAHAM KLEINMAN,

                Defendant.

**ORDER TO SHOW CAUSE**
22-CV-2238 (HG) (PK)

**HECTOR GONZALEZ**, United States District Judge:

    Defendant's notice of removal, *see* ECF No. 1, raises multiple potential defects in this Court's subject matter jurisdiction, which the Court is permitted to consider "at any time before final judgment" to determine whether a case must be remanded to state court. 28 U.S.C. § 1447(c). The Court therefore denies the parties' joint request to stay the proceedings pending in this Court and certain proceedings pending in Kings County Supreme Court, *see* ECF No. 4, because such a stay might be incompatible with the Court's jurisdiction. The parties are further ordered to provide the additional information described in this Order to enable the Court to assess whether it has subject matter jurisdiction.

    Defendant alleges that, in January 2022, he filed a lawsuit in Kings County Supreme Court to recognize a confession of judgment that Plaintiff granted in his favor and to seek discovery in aid of collecting that judgment. ECF No. 1 ¶¶ 6–7. Defendant refers to that lawsuit as the "Enforcement Action." *Id.* ¶ 6. He further alleges that, in April 2022, Plaintiff filed a separate lawsuit in Kings County Supreme Court seeking to vacate that confession of judgment. *Id.* ¶¶ 11–12. Defendant refers to that second lawsuit as the "COJ Action." *Id.* ¶ 11. Defendant litigated the merits of a temporary restraining order that Plaintiff sought in the COJ Action. *Id.* ¶¶ 13–17. The state court granted that temporary restraining order and temporarily enjoined

Defendant from using the Enforcement Action to collect on the confession of judgment. *Id.*; *see also* ECF No. 1-26 at 2–3. Defendant removed the COJ Action to this Court only after Plaintiff prevailed in those proceedings related to the temporary restraining order—and before the state court had the opportunity to decide whether that temporary restraining order should be converted into a permanent injunction and whether the confession of judgment against Plaintiff should be vacated. *Id.* The Enforcement Action is pending in Kings County Supreme Court. ECF No. 1 ¶ 10.

The parties' filings in this Court and Kings County Supreme Court raise questions about whether this Court has diversity jurisdiction, which is Defendant's sole alleged basis for removal. *See id.* ¶ 21. Defendant asserts that he resides in Florida, that Plaintiff resides in New York, and that the amount in controversy in their state court proceedings is $675,000. *Id.* ¶¶ 22–23, 27. However, Plaintiff's complaint filed in the COJ Action prior to Defendant's removal alleges that both Plaintiff and Defendant are residents of New York. ECF No. 1-3 ¶¶ 1–2. Furthermore, Defendant filed an affidavit in the Enforcement Action dated January 4, 2022, that purports to have been executed in Kings County before a notary public qualified in Kings County. *See* Affirmation in Support, *Kleinman v. Porges*, Index No. 500593/2022, NYSCEF No. 2 (Sup. Ct. Kings Cty. filed Jan. 4, 2022). These inconsistent statements raise the possibility that diversity of citizenship does not exist in this lawsuit and that this Court therefore does not have subject matter jurisdiction.

The nature of the parties' dispute raises additional concerns that the Court does not have jurisdiction pursuant to the *Rooker-Feldman* doctrine, which "establishes the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Edwards v. McMillen Capital, LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (internal

quotation marks omitted).  Defendant has removed one state court lawsuit, the COJ Action, in which the predominant relief that Plaintiff seeks is to vacate the confession of judgment in a separate state court lawsuit, the Enforcement Action.  Such cases in which a party uses one state court case to challenge the validity of a judgment in another state court case cannot be removed and must be remanded to state court.  *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) (remanding state court claims seeking to vacate foreclosure judgment in earlier state court proceeding); *Sorgente v. Wells Fargo Bank, N.A.*, No. 18-cv-7100, 2020 WL 2837021, at *2–3 (E.D.N.Y. May 28, 2020) (remanding similar case challenging earlier state court foreclosure judgment).[1]  The *Rooker-Feldman* doctrine similarly requires remand of proceedings challenging a confession of judgment entered in state court.  *24 Capital Funding, LLC v. Peters Broadcasting Eng'g, Inc.*, No. 19-cv-4929, 2019 WL 5294841, at *2–3 (S.D.N.Y. Oct. 18, 2019), *appeal dismissed*, No. 19-3686, 2020 WL 2148449 (2d Cir. Apr. 6, 2020).

Plaintiff's complaint in the COJ Action asserts one cause of action seeking damages for fraudulent inducement that may potentially continue in federal court.  *See* ECF No. 1-3 ¶¶ 48–53.  Such claims seeking damages, rather than an order vacating the state court judgment, "do[] not require the federal court to sit in review of the state court judgment," even if they generally arise from the same set of facts.  *Vossbrinck*, 773 F.3d at 427; *see also Pennicott v. JPMorgan Chase Bank, N.A.*, No. 16-cv-3044, 2018 WL 1891312, at *4 (S.D.N.Y. Apr. 18, 2018) (explaining that fraud claims and other claims seeking damages "do not require a ruling that the foreclosure was improper").  However, in order to continue litigating the fraudulent inducement

---

[1]  In such cases, remand is the proper remedy rather than dismissal for lack of jurisdiction because "a defendant may not defeat an action properly brought in state court 'by removing it to federal court and then obtaining its dismissal on the grounds of the federal court's lack of jurisdiction.'" *Sorgente*, 2020 WL 2837021, at *3 (quoting *Vossbrinck*, 773 F.3d at 427).

3

cause of action in this Court, the parties must first address the issues related to diversity of citizenship described above. Plaintiff must also explain the amount of damages he is seeking, which are not identified in his complaint, so that the Court can determine whether the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. *See* ECF No. 1-3 ¶ 53.

To address the concerns described above, Defendant is hereby ORDERED to file, **on or before June 16, 2022**, a declaration, made personally by Defendant rather than his attorney, explaining in detail his connections with New York and Florida. The declaration must include sufficient information for the Court to determine Defendant's state of citizenship for the purpose of subject matter jurisdiction and must describe, at minimum: (i) an estimated number of days in 2021 and 2022 during which Defendant has been physically present in New York, Florida, or any other state or country; (ii) whether Defendant owns or rents real property in New York and/or Florida; (iii) the state(s), if any, to which Defendant paid income or real property taxes in 2022 for tax obligations incurred during the year 2021; (iv) the state, if any, in which Defendant was registered to vote when Plaintiff commenced the COJ Action; (v) the state, if any, that had issued Defendant a driver's license when Plaintiff commenced the COJ Action; and (vi) the state(s), if any, in which Defendant had registered any automobiles or motor vehicles when Plaintiff commenced the COJ Action.

The parties are further ORDERED to file, **on or before June 23, 2022**, a joint letter no longer than five pages explaining their respective positions regarding whether the Court has diversity jurisdiction over this case and whether any such jurisdiction is precluded by the *Rooker-Feldman* doctrine. Plaintiff's portion of the letter must explain the amount and basis for the damages sought in his second cause of action for fraudulent inducement and whether he is willing to stipulate that such damages do not exceed $75,000. *See* ECF No. 1-3 ¶¶ 48–53.

4

5

Plaintiff may file, **<u>on or before June 23, 2022</u>**, a separate letter no longer than two pages explaining whether any future order by this Court remanding this case to Kings County Supreme Court should require Defendant's "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

SO ORDERED.

 /s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       June 9, 2022